**FILED**

**MARCH 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 1365**

| | |
|---|---|
| **HUMBERTO TINOCO, CESAR MENDEZ**, **JOSE MAURICIO**, **RICARDO MORALES, APOLINAR RODRIGUEZ**, and **ANASTACIO PEREZ**, on behalf of themselves and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | No. |
| v. | |
| **OCTAVIO TAPIA**, individually, and **AMERICA AUTO SERVICE, INC.**, an Illinois corporation, | **JUDGE ST. EVE**<br>**MAGISTRATE JUDGE NOLAN** |
| Defendants. | JURY DEMAND |

**COMPLAINT**

NOW COME the plaintiffs, **HUMBERTO TINOCO** ("TINOCO"), **CESAR MENDEZ** ("MENDEZ"), **JOSE MAURICIO** ("MAURICIO"), **RICARDO MORALES** ("MORALES"), **APOLINAR RODRIGUEZ** ("RODRIGUEZ"), and **ANASTACIO PEREZ** ("PEREZ"), (collectively, "Plaintiffs"), on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, complaining of the defendants, **OCTAVIO TAPIA** ("TAPIA"), and **AMERICA AUTO SERVICE, INC.**, ("AMERICA AUTO"), (collectively, "Defendants"), and pleading hypothetically and in the alternative allege as follows:

I.    **INTRODUCTION**

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., as a result of Defendants' failure to pay overtime compensation to Plaintiffs and other similarly situated employees. Plaintiffs routinely worked in excess

of 40 hours per week for Defendants, but Defendants refused to pay Plaintiffs time-and-a-half overtime compensation.

2.    In Counts II and III, Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*., and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*.  The rights and remedies set forth in these statutes are similar and analogous to those that Congress set forth in the FLSA.

## II.    **THE PARTIES**

3.    Plaintiffs are individuals domiciled in the state of Illinois, and reside within this judicial district.

4.    Upon information and belief, the defendant, TAPIA**,** is an individual domiciled in the state of Illinois, and resides within this judicial district.

5.    The defendant, AMERICA AUTO, is an Illinois corporation having its principal office and place of business at 5524 W. Fullerton, Chicago, IL 60639, and is therefore domiciled in the state of Illinois.

## III.    **JURISDICTION AND VENUE**

6.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and by 28 U.S.C. §§ 1331 and 1337.

7.    Jurisdiction over Plaintiff's supplemental claims is conferred on this Court by 28 U.S.C. § 1367(a).

8.    Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions that gave rise to Plaintiffs' claims occurred within this judicial

district.  Further, venue is proper because the defendant, AMERICA AUTO, has its registered office at 5524 W. Fullerton, Chicago, IL 60639, within this judicial district.

## IV.    STATUTORY CONSENT

9.    In accord with Section 16(b) of the FLSA, Plaintiffs have given written consent to be joined as party plaintiffs in this action.  29 U.S.C. § 216(b).  Plaintiffs' written consent forms are attached as group **Exhibit A**, and are incorporated herein by reference.

## V.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10.    At all times relevant to this action, Defendants operated an automobile repair service within Cook County, and therefore within this Court's geographic jurisdiction.

11.    At all times relevant to this action, Defendants' business engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

12.    At all times relevant to this action, Plaintiffs engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

13.    At all times relevant to this action, each and all of the Defendants including the individual defendant, TAPIA, were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs represented herein and, therefore, were and are "employers" within the meaning of Sections 3(a) and (d) of the FLSA, 29 U.S.C. §§ 203(a) and 203(d), and as such are jointly and severally liable for the unpaid wages and other relief sought herein.

14.    Defendants employed Plaintiffs at various times in the past three years, to wit:

    a.    MAURICIO was employed by Defendants from on or about October 7, 2006, to on or about November 24, 2007;

    b.    MENDEZ was employed by Defendants from on or about February 7, 2003, to January 4, 2008;

    c.    MORALES was employed by Defendants from on or about October 1, 2006 to on or about December 31, 2007;

    d.    PEREZ was employed by Defendants from on or about February 3, 2007, to on or about February 2, 2008;

    e.    RODRIGUEZ was employed from on or about November 1, 2003, to on or about June 30, 2006; and

    f.    TINOCO was employed by Defendants from on or about July 1, 2006 to on our about February 24, 2007.

15.    Defendants employed Plaintiffs as service technicians, and as such, Plaintiffs were not exempt from the FLSA's overtime and minimum wage provisions.

16.    During the course of their employment by Defendants, Plaintiffs handled goods that moved in interstate commerce including petroleum products and automotive parts.

17.    At all times relevant to this action, Plaintiffs and members of the plaintiff class were "employees" of Defendants, and each of them, within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

18.     During the period or periods herein relevant, Defendants (or an enterprise owned and/or controlled by Defendants, and each of them, singly or in or in one or more combinations) routinely and as a matter of practice and policy required Plaintiffs and other similarly situated employees to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

## COUNT I
### (Violation of the FLSA)

19.     Plaintiffs hereby re-allege the foregoing allegations.

20.     Defendants violated the FLSA by failing to pay Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which Plaintiffs were employed.

21.     Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE Plaintiffs, on behalf of themselves and all other employees similarly situated, known and unknown, pray for judgment in their favor and against the defendants, **OCTAVIO TAPIA,** and **AMERICA AUTO SERVICE, INC,** and each of them, and for the following relief:

A.     damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.     statutory liquidated damages as allowed by the FLSA;

C.  interest on all amounts awarded;

D.  reasonable attorneys' fees, together with costs of suit and collection; and

E.  an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from November 1, 2003, through the present;

F.  an order authorizing Plaintiffs to provide notice of this action to members of the putative class of "opt-in" plaintiffs in a form substantially similar to that which is attached hereto as **Exhibit B**;

G.  an order authorizing Plaintiffs to mail "opt-in" consent forms to members of the putative class in a form substantially similar to that which is attached hereto as **Exhibit C**; and

H.  such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

22.  Plaintiffs hereby re-allege the foregoing allegations.

23.  Defendants violated the IMWL by failing to pay Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which Plaintiffs were employed.

24.  Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE, Plaintiffs pray for judgment in their favor and against the defendants, **OCTAVIO TAPIA**, and **AMERICA AUTO SERVICE, INC,** and each of

them, and for the following relief:

A.      damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.      statutory punitive damages as allowed by the IMWL;

C.      interest on all amounts awarded;

D.      reasonable attorneys' fees, together with costs of suit and collection; and

E.      such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA / AFWAA Claim)

25.     Plaintiffs hereby re-allege the foregoing allegations.

26.     Defendants violated the IWPCA by:

i.      failing to pay Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

ii.     failing to pay Plaintiffs certain wages either weekly or biweekly; and/or

iii.    failing to pay Plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

27.     Plaintiffs demanded payment of the wages due and owing to him at least 3 days before this complaint was filed.

28.     Plaintiffs are entitled to recover attorneys' fees under the AFWAA by virtue of said demand, among other reasons.

WHEREFORE, Plaintiffs pray for judgment in their favor and against the defendants, **OCTAVIO TAPIA**, and **AMERICA AUTO SERVICE, INC,** and each of them, and for the following relief:

A.   an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

B.   pre-judgment interest on all amounts awarded;

C.   reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

D.   such further relief as may be fair and just in the premises.

## JURY DEMAND

NOW COME, the plaintiffs, **HUMBERTO TINOCO**, **CESAR MENDEZ**, **JOSE MAURICIO**, **RICARDO MORALES**, **APOLINAR RODRIGUEZ**, and **ANASTACIO PEREZ**, on behalf of themselves and all other employees similarly situated, known and unknown, by and through their attorneys of record, and hereby demand trial by jury of all issues set forth herein.

Roy P. Amatore, Esq.                      Respectfully submitted,
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.        /s/Paul Luka
120 S. State Street · Suite 400          PAUL LUKA ARDC # 6288860
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against AMERICA AUTO SERVICE, INC., OCTAVIO TAPIA, ~~Cesar Mendez,~~ and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

Cesar Mendez

_____
Cesar Mendez

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against ~~Apolinar Rodriguez~~ AMERICA AUTO SERVICE, INC, OCTAVIO TAPIA and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


Apolinar Rodriguez
Apolinar Rodriguez

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against AMERICA AUTO SERVICE INC., OCTAVIO TAPIA, Jose A. Mauricio, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

Jose A. Mauricio

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against *America Auto Service, Inc., Octavio Tapia,* Ricardo Morales, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


*Ricardo Morales*
Ricardo Morales

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against AMERICA AUTO SERVICE, INC., OCTAVIO TAPIA, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

HUMBERTO TINOCO

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against AMERICA AUTO SERVICE INC., and any other who may have employed him in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

ANASTACIO PEREZ

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **HUMBERTO TINOCO, CESAR MENDEZ, JOSE MAURICIO, RICARDO MORALES, APOLINAR RODRIGUEZ**, and **ANASTACIO PEREZ**, on behalf of themselves and all other employees similarly situated, known and unknown,<br><br>          Plaintiffs,<br>   v.<br><br>**OCTAVIO TAPIA**, individually, and **AMERICA AUTO SERVICE, INC.**, an Illinois corporation,<br><br>        Defendants. | No. |

## NOTICE OF A LAWSUIT CLAIMING OVERTIME
## WAGES UNDER THE FAIR LABOR STANDARDS ACT

**TO:**    **Persons who have been employed as hourly employees by one of the defendants at any time between November 1, 2003 and the present, and who believe they were not compensated at a rate of one and one-half times their regular rate for any hours they worked in excess of forty (40) in a workweek.**

## I.    INTRODUCTION

The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against OCTAVIO TAPIA**,** and AMERICA AUTO SERVICE, INC**.** ("Defendants"); (2) advise you of your right to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this Notice should be viewed as an admission of wrongdoing.

## II.    DESCRIPTION OF THE LAWSUIT

The plaintiffs, HUMBERTO TINOCO, CESAR MENDEZ, JOSE MAURICIO, RICARDO MORALES, APOLINAR RODRIGUEZ, and ANASTACIO PEREZ ("Plaintiffs"), have brought this lawsuit against the Defendants, claiming that he and other similarly situated individuals worked in excess of  forty (40) hours for the Defendants and did not receive one and one-half times their regular hourly rate of pay for those hours over forty (40).  The Defendants deny the Plaintiffs' claims.

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week.  The Plaintiffs seek to recover overtime pay for the three (3)

1

years prior to the filing of this lawsuit. The Plaintiffs also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

The Plaintiffs believe that his claims against the Defendants have merit.  The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

## III.    WHO MAY JOIN THIS LAWSUIT

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since November 1, 2003, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff.  It is entirely your decision whether or not to join this lawsuit.  You are not required to join this case or take any action unless you want to.  It is completely voluntary.  If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all.  The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case.  Neither the Defendants nor the attorney now representing the Plaintiffs will be able to give you additional information regarding your decision to join the case.

## IV.    HOW TO JOIN THIS LAWSUIT

If you have been employed by one of the Defendants as an hourly employee at any time between **March 6, 2005, and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

a.     completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

b.     mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

**AMERICA AUTO Consent Form**
**c/o Amatore & Associates**
**120 S. State Street/Suite 400**
**Chicago, Illinois 60603**

**DEADLINE:**  In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

2

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

## V.     EFFECT OF JOINING OR NOT JOINING THIS SUIT

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case.  If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

## VI.     NO RETALIATION AGAINST YOU IS PERMITTED

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

## VII.     YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiffs' attorneys, Amatore & Associates, P.C. (120 S. State Street, Suite 400, Chicago, IL. 60603), will represent you should you elect to join this suit as a plaintiff, unless you otherwise decide to select someone else to represent you.  Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiffs are successful in this lawsuit.

## VIII.     FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.  PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **HUMBERTO TINOCO, CESAR MENDEZ, JOSE MAURICIO, RICARDO MORALES, APOLINAR RODRIGUEZ**, and **ANASTACIO PEREZ**, on behalf of themselves and all other employees similarly situated, known and unknown, | |
| Plaintiffs, | No. |
| v. | |
| **OCTAVIO TAPIA**, individually, and **AMERICA AUTO SERVICE, INC.**, an Illinois corporation, | |
| Defendants. | |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO**
**RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**
*(This form must be completed in ink, not pencil)*

This Document is to be sent to:       **AMERICA AUTO Consent Form**
                                                       **c/o Amatore & Associates**
                                                       **120 S. State Street/Suite 400**
                                                       **Chicago, Illinois 60603**

    I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, OCTAVIO TAPIA, and AMERICA AUTO SERVICE, INC. ("Defendants"), under the Fair Labor Standards Act.  I attest that I either am now or, have been at some time since March 6, 2005, an hourly employee for one of the Defendants.

My name is:       _____
                          *Please Print Name*

My address is:    _____
                          *Street Address*

                          _____
                          *City, State, Zip Code*

My telephone number is:  _____
                          *Home*

Dates Employed:        Start: _____        End: _____

1

Location(s) Employed: _____

_____

My Signature: _____
*Please Sign name*

Date on which I signed
this Notice: _____
*Today's Date*

2