IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HUMBERTO TINOCO**, **CESAR MENDEZ**, **JOSE MAURICIO**, **RICARDO MORALES**, **APOLINAR RODRIGUEZ**, and **ANASTACIO PEREZ**, on behalf of themselves and all other employees similarly situated, known and unknown,<br><br>             Plaintiffs,<br>v.<br><br>**OCTAVIO TAPIA**, individually, and **AMERICA AUTO SERVICE, INC.**, an Illinois corporation,<br><br>             Defendants. | No.    08 CV 1365<br><br>Judge Amy J. St. Eve<br>Magistrate Judge Nan R. Nolan |

## JOINT STATUS REPORT

**1.     Nature of the Case**

A.

| **Plaintiff's Attorneys:** | **Defendants' Attorneys:** |
|---|---|
| Roy P. Amatore | Paul Kelly |
| Paul Luka | David L. King |
| AMATORE & ASSOC., P.C. | M. Kellett McConneville |
| 120 S. State St., Ste. 400 | KELLY & KING, P.C. |
| Chicago, IL 60603 | 20 N. Clark St., Ste. 2900 |
| 312.236.9852 | Chicago, IL 60602 |
| | 312.553.5290 |

If the case proceeds to trial, Roy Amatore expects to try the case for Plaintiffs, and Paul Kelly expect to try the case for Defendants.

     B.     Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Supplemental jurisdiction over the Illinois statutory claims alleged in the complaint is conferred on this Court by 28 U.S.C. § 1367(a).

C.  Plaintiffs allege that Defendants willfully failed to pay them, and similarly situated employees, proper overtime compensation.

D.  Factual Issues: Defendants dispute the amount of damages claimed by Plaintiffs, including the amount of hours Plaintiffs claim to have worked per week and the computation of wages. Defendants dispute the claim that there was a willful violation of the FLSA or any other law. Defendants also contend that this is not an appropriate case for liquidated damages.

Legal Issues: Defendants presented what may be a release (Plaintiffs' counsel has not yet seen the document) to the Plaintiff, Anastacio Perez, when he went to Defendants' premises to collect his tools. Perez claims Defendants told him they would not let him take his tools unless he signed the release. Perez signed the release and was allowed to take his tools. However, Plaintiffs' counsel points out that waivers of FLSA claims (without Court approval or approval by the Secretary of Labor) are void as a matter of law. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 U.S. Dist. LEXIS 18370. Defendants deny that the return of the tools was used to compel Perez to sign the statement.

Defendants contend that Plaintiffs incurred no damages as they were paid more than the minimum wage for straight time and more than 1.5 times the minimum wage for overtime hours. Plaintiffs maintain that the FLSA requires payment of 1.5 times an employee's regular hourly rate, not 1.5 times the minimum wage.

E.  Plaintiffs seek payment of allegedly unpaid overtime compensation, liquidated (double) damages and attorneys' fees. Plaintiffs claim they each routinely worked approximately 20 hours of overtime per week during their respective periods of employment with Defendants for which they were paid only straight time (rather than time-and-one-half as required by the FLSA and the IMWL). Finally, Plaintiffs seek to provide notice of this action to all of Defendants' current and former employees for the last four years.

**2. Pending Motions and Case Plan**

A.  There are no currently pending motions.

B.  Proposed Discovery Plan.

   a. Written discovery will be needed with regard to payroll, tax, banking, and employment records. Depositions of Plaintiffs, Defendant, OCTAVIO TAPIA, and Areli Tapia (whom Plaintiffs allege is Defendants' bookkeeper) are anticipated initially. Depositions of Alberto Tapia and Fernando Tapia (thought to manage Defendants' business), and Defendants' accountants may be needed in a subsequent phase. Additional depositions (such as those of tool vendors who may have

      witnessed Plaintiffs working) may be needed to properly prepare for trial if settlement proves unattainable.

    b. Plaintiffs have made their initial Rule 26(a)(1) disclosures and expect Defendants to make theirs within 14 days of the initial status hearing.

    c. The parties propose that fact discovery should close on November 30, 2008.

    d. The parties propose that expert discovery should close on January 31, 2009, although the parties do not anticipate the need for extensive expert discovery in this case.

    e. The parties propose March 31, 2009, as a dispositive motion deadline.

    f. The parties propose May 31, 2009 as a date for filing the final pre-trial order.

  C. Trial Information.

    a. The parties have demanded a jury trial.

    b. The parties anticipate a five-day trial.

    c. The earliest the parties would be ready for trial is April 6, 2009.

**3.**   **Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously consented to proceed before a magistrate judge.

**4.**   **Status of Settlement Discussions**

    A. The parties have discussed settlement. The amount of damages is currently in dispute.

    B. See above.

C.   The parties would be willing to participate in a settlement conference.

Respectfully submitted,

| /s/ Paul Luka | /s/ Paul Kelly (approved via e-mail) |
|---|---|
| Attorney for Plaintiffs | Attorney for Defendants |

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOC., P.C.  
120 S. State St., Ste. 400  
Chicago, IL 60603  
(312) 236-9825

Paul Kelly  
David L. King  
M. Kellett McConneville  
KELLY & KING, P.C.  
20 N. Clark St., Ste. 2900  
Chicago, IL 60602  
312.553.5290

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 10, 2008, he served a copy of this notice and the attached document on all attorneys of record by causing them to be issued through the Court's Electronic Case Filing System in accordance with Fed. R. Civ. P. 5(b)(2)(D), and LR5.9 of the Northern District of Illinois.


Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)